FILED
CLERK
2:58 pm, Nov 09, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CIT BANK, N.A. FORMERLY KNOWN AS
ONEWEST BANK N.A.

                    Plaintiff,

            -against-

JOHN O'SULLIVAN A/K/A JOHN OSULLIVAN, FILOMENA O'SULLIVAN A/KIA FILOMENA OSULLIVAN, CITIBANK NA, JOHN DOE (being fictitious, and unknown to Plaintiff, intended to be tenants, occupants, persons or corporations having or claiming an interest in or a lien encumbering the property described in the Complaint or their heirs at law, distributees, executors, administrators, trustees, guardians, assignees, creditors, or successors.),

                    Defendants.
----------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**
14-cv-5966 (ADS)(AYS)

**APPEARANCES:**

**GROSS POLOWY LLC**
*Attorneys for the Plaintiff*
900 Merchants Concourse, Suite 412
Westbury, NY 11590
    By: Michael W. Nardolillo, Esq.,
        John J. Ricciardi, Esq.,
        Stephen J. Vargas, Esq.,
        Keith Young, Esq., Of Counsel

**NO APPEARANCES:**

**Defendants**

**SPATT, District Judge**.

## I. BACKGOUND

On October 13, 2014, the Plaintiff, CIT Bank, N.A. (the "Plaintiff"), commenced this diversity mortgage foreclosure action under Article 13 of the New York Real Property Actions

and Proceedings Law, seeking to foreclose on its security interest in a parcel of real property owned by the Defendants John O'Sullivan a/k/a John OSullivan and Filomena O'Sullivan a/k/a Filomena OSullivan (together, the O'Sullivans). The real property at interest is located at 40 West Windsor Parkway in Oceanside, New York (the "Property").

On November 7, 2014, the O'Sullivans filed an answer in this action. In addition to the O'Sullivans, the Plaintiff named Citibank, N.A. ("Citibank") as a defendant in this action, alleging that Citibank is the holder of a junior secured lien against the Property, which the Plaintiff sought to extinguish and thereby quiet title to the property. On February 12, 2015, the Clerk of the Court noted Citibank's default.

On May 10, 2016, the Court issued an order granting summary judgment to the Plaintiff pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rules" or "FED R. CIV. P.") and denying the O'Sullivans' cross-motion for summary judgment.

A Judgment of Foreclosure and Sale was filed with the Clerk of the Court on June 24, 2016 and the case was closed.

Kimberly D. Lerner, Esq. was appointed as Referee to conduct a public auction of the Property pursuant to the Judgment of Foreclosure and Sale; however, no such auction was ever held.

On August 15, 2016, the O'Sullivans informed the Court of their intention to proceed as *pro se* litigants.

From August 2016 to May 2017, the O'Sullivans filed a series of bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of New York, which were either discharged or dismissed.

On August 17, 2017, the Plaintiff accepted the O'Sullivans' offer of a "short sale" of the Property as satisfaction of the Judgment of Foreclosure and Sale. The O'Sullivans subsequently sold the Property to a third party.

The Plaintiff now brings the instant motion seeking to (1) vacate the Judgment of Foreclosure and sale pursuant to FED. R. CIV. P. 60; (2) voluntarily dismiss the action pursuant to Fed. R. Civ. P. 41; and (3) cancel the Notice of Pendency pursuant to New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 6514.

For the reasons explained below, the Plaintiff's motion is granted in its entirety.

## II. DISCUSSION

FED. R. CIV. P. 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for … any other reason that justifies relief." FED. R. CIV. P. 60(b). A motion to relieve a party from a final judgement or order is "addressed to the sound discretion of the district court[.]" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Vacatur of a judgment or order because of a settlement is an "extraordinary remedy" that should only be granted in "exceptional circumstances." *See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26, 29, 115 S. Ct. 386, 130 L. Ed. 2d 233 (1994). It is the rule that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur." *Id*. at 27 (internal citations omitted). The movant, who is seeking vacatur, carries the burden to demonstrate that relief is justified. *See Microsoft Corp. v. Bristol Tech. Inc.*, 250 F.3d 152, 154 (2d Cir. 2001).

3

In this case, the Court finds that exceptional circumstances do exist which warrant vacatur. First, the Judgment of Foreclosure and Sale was mooted by the settlement. Further, it impacts the title to the Property, as it prevents the title from being marketable. Overall, the interests of the parties favor vacatur, and no public interest would be harmed.

Finally, the Plaintiff is entitled to an order cancelling the Notice of Pendency under N.Y. C.P.L.R. § 6514(a).

### III. CONCLUSION

For the reasons stated above, the Court grants the Plaintiff's motion in its entirety. This action is hereby voluntarily dismissed pursuant to FED. R. CIV. P. 41. The Clerk of the Court is respectfully directed to vacate the Judgment of Foreclosure and Sale.

Furthermore, the County Clerk of Nassau County is directed, upon the payment of proper fees, if any, to cancel and discharge the Notice of Pendency filed in this action on October 21, 2014 at Liber 2007, Page 133 and any predecessor filing, against the Property, Section 43, Block 327, Lot 48 & 49, also known as 40 West Windsor Parkway a/k/a Windsor Parkway, Oceanside, New York 11572, pursuant to N.Y. C.P.L.R. § 6514, and said County Clerk is directed to enter upon the margin of the record of the same a Notice of Cancellation referring to this Order.

Finally, the Referee is hereby relieved and discharged of any and all obligations pursuant to the Judgment of Foreclosure and Sale.

It is **SO ORDERED**:
Dated: Central Islip, New York
November 9, 2017

    __/s/ Arthur D. Spatt__
    ARTHUR D. SPATT
    United States District Judge